


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BRONSTON DREW | CIVIL ACTION NO. 6:17-cv-479 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| TOWN OF CHURCH POINT, ET AL | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before the court is the Motion for Summary Judgment filed by defendants Town of Church Point ("TCP"), Church Point Police Chief Albert Venable, and Church Point Police Officers Dale Thibodeaux and Ronald Carriere. Doc. 5. Plaintiff, Bronston Drew ("Drew"), filed an opposition to the motion. Doc. 7. The motion has been referred to the undersigned for Report and Recommendation. After considering the findings and arguments of the parties, the applicable law, and for the reasons set out herein, it is recommended that the motion be GRANTED.

*I.*
*Factual and Procedural Background*

On or about November 30, 2015, Drew was issued a citation by Officer Carriere for violation of Article III, Section 5-43 of the Church Point Municipal Code which prohibits the keeping of two or more dogs penned up within fifty feet of any residence in the corporate limits of the town. Doc. 1, p. 3; doc. 5, att. 1, p. 1. It appears that Drew had two dogs penned up when he was issued the citation. *Id.* On or about March 22, 2016, Drew pleaded guilty to the violation and was ordered to pay a fine and court courts.[1] Doc. 1, p. 3. Drew was also ordered to remedy the violation within thirty days of the order. *Id.*

---

[1] The court notes that Drew states that he paid the court ordered fine and costs on April 11, 2016. Doc. 1, p. 3.

On March 30, 2016, Officers Carriere and Thibodeaux responded to another complaint about the dogs penned up at Drew's residence. Doc. 5, att. 3, p. 3. According to the Affidavit for Warrant of Arrest ("Affidavit") [doc. 5, att. 3, p. 4] sworn to by Officer Carriere, the officers observed five dogs penned up at the residence. *Id.* The officers were told by Drew's son that Drew was in the house. *Id.* However, Drew did not come to the door despite the officers' request that he do so. *Id.* Thereafter, Officer Carriere executed the Affidavit, and Magistrate Brad Andrus made a finding of probable cause for Drew's arrest. *Id.* An arrest warrant ("Warrant") was then issued. Doc. 5, att. 3, p. 5. Officers Carriere and Thibodeaux arrested Drew, who posted the $500.00 bond. Doc. 1, p. 4. It appears that Drew pleaded not guilty to the charges on May 16, 2016. Doc. 5, att. 2, p. 16. The charges against him were dropped on or about June 21, 2016. Doc. 1, p. 4. The defendants state that the charges were dropped "because the arresting officer was not present" at the hearing. Doc. 5, att. 2, p. 16.

This litigation arises out of the events surrounding Drew's March 30, 2016 arrest. Drew filed this civil rights suit on March 30, 2017, claiming that the Warrant was issued without being signed by a judge. Doc. 1, p. 4. As such, he claims that Officers Carriere and Thibodeaux violated (1) his rights of privacy and security of his person under the Fourth Amendment to the United States Constitution; (2) his due process rights under the Fourth and Fourteenth Amendments to the United States Constitution; and (3) his rights guaranteed by the Fifth Amendment to the United States Constitution. *Id.* He further alleges that Officers Carriere and Thibodeaux violated his rights under Article 1, Sections 2 and 15 of the Louisiana Constitution. *Id.* Drew maintains that Officers Carriere and Thibodeaux are also liable to him under Louisiana law for malicious prosecution, wrongful arrest, and defamation. *Id.* at 5.

In regard to TCP, Drew contends that same is "vicariously liable, under the doctrine of *respondent superior*, for the tortious actions or inactions" of Officers Carriere and Thibodeaux committed in the course and scope of their employment with TCP. *Id.* He also claims that TCP and Chief Venable are liable to him for the negligent hiring, training, and supervision of Officers Carriere and Thibodeaux. *Id.*

As relief for the above, Drew seeks compensatory and punitive damages, attorney's fees, costs of suit, and declaratory relief. *Id.* at 6.

## *II.*
## *Applicable Law and Analysis*

In the Motion for Summary Judgment, the defendants argue that they are entitled to summary judgment because: (1) Drew's arrest was made pursuant to a validly issued warrant based on probable cause; (2) they are entitled to qualified immunity from suit under § 1983; (3) the valid arrest warrant defeats Drew's federal and state constitutional claims; and (4) the invalidity of Drew's constitutional and tortious claims against Officers Carrier and Thibodeaux necessarily remove all support for his claims against the TCP and Chief Venable.

In response to the defendants' Motion for Summary Judgment, Drew contends that there is a genuine dispute as to the following material facts: (1) whether, as part of his March 22, 2016 sentencing, he had until April 19, 2016, to become compliant with the city ordinance that he violated; and (2) whether the arrest warrant was invalid at the time it was executed on March 30, 2016, as it did not contain the signature of a judge. Doc. 7, att. 2, p. 4. He also argues that the Motion for Summary Judgment is premature as it was filed prior to the commencement of formal discovery. *Id.* at 6.

### A. *Summary Judgment Standard*

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter

of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable substantive law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005). A genuine issue of material fact exists if a reasonable jury could render a verdict for the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson*, 477 U.S. at 252.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Id.* All facts and justifiable inferences are construed in the light most favorable to the non-movant. *Brumfield*, 551 F.3d at 326; *Anderson*, 477 U.S. at 255. If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the non-moving party's claim. *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp.*, 477 U.S. at 325. The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 197 (5th Cir. 2005). Where no such showing is made, the moving party "is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Lujan v. Nat. Wildlife Federation*, 497 U.S. 871, 884 (1990) (quoting *Celotex Corp.*, 477 U.S. at 322–23).

The Fifth Circuit has further elaborated:

> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. . . . [S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citations and internal quotation marks omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontroverted and unimpeached. *Roberts v. Cardinal Services*, 266 F.3d 368, 373 (5th Cir. 2001).

When a summary judgment movant will not have the burden of proof on a claim at trial, he can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the non-movant's claim. *See Celotex Corp.*, 477 U.S. at 325. Once that is done, the non-movant must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *Id.* at 324; *Little*, 37 F.3d at 1075.

### B. *42 U.S.C. § 1983*

Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. *Olabisiomotosho v. City*

*of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999). To pursue a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). The defendants do not appear to contest whether Officers Thibodeaux and Carriere, and Chief Venable acted under color of state law at the relevant times. They do challenge the alleged constitutional violations.

### C. *Claims Against Chief Venable*

In order to assert a valid claim against an official in his individual capacity, a § 1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation. *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001). "A supervisory official may be held liable ... only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011), quoting *Gates v. Texas Dep't of Protective & Regulatory Services*, 537 F.3d 404, 435 (5th Cir. 2008). To establish supervisor liability for constitutional violations committed by subordinate employees, the plaintiffs must show that the supervisor acted or failed to act with deliberate indifference to the violation of others' constitutional rights committed by their subordinates. *Porter*, 659 F.3d at 446; *Gates*, 537 F.3d at 435. Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Porter*, 659 F.3d at 447, quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011).

There is no evidence in the record that Chief Venable was personally involved in anything having to do with the arrest of Drew, that he implemented any unconstitutional policies or that he acted or failed to act with deliberate indifference to the alleged constitutional violations committed by Carriere and Thibodeaux. Thus, Drew has failed to set forth any allegation necessary to support a cause of action against Chief Venable, and therefore, the motion should be granted as to the individual capacity claims against Chief Venable.

### D. Town of Church Point

Drew brings a § 1983 claim against TCP alleging that it is liable to him for the negligent hiring, training, and supervision of Officers Carriere and Thibodeaux. This defendant may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). It cannot be held liable under a theory of *respondeat superior* or vicarious liability. *Id.* TCP also cannot be liable under § 1983 merely because it employed a tortfeasor. *Id.* at 694; *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). According to the Supreme Court, "[t]he 'official policy' requirement . . . make[s] [it] clear that municipality liability [under § 1983] is limited to action for which the municipality is actually responsible ... that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986). The policy or custom must be "the moving force of the constitutional violation." *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987) (quoting *Monell*, 436 U.S. at 694). Drew fails to point to any evidence that TCP policymakers deliberately chose an inadequate training program. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) ("[I]t is . . . difficult in one sense even to accept the submission that someone pursues a 'policy' of 'inadequate training,' unless evidence be adduced which proves that the inadequacies resulted from conscious choice-that is, proof that the policymakers

deliberately chose a training program which would prove inadequate."). Thus, to survive summary judgment, Drew must point to evidence of persistent, repeated, and constant violations of constitutional rights by virtue of TCP's alleged failure to adequately train its police officers. *See Wassum v. City of Bellaire,* 861 F.2d 453, 455 (5th Cir. 1988).

In the present case, Drew has failed to adduce any evidence that would allow a reasonable jury to find that TCP had a deliberate policy or custom of failing to adequately train its officers. The Court also concludes that he has failed to point to any evidence of persistent, repeated, and constant violations of constitutional rights. Because Drew has failed to direct the Court's attention to evidence in the record showing that TCP engaged in a policy or custom of failing to adequately train its officers, an issue on which he will have the burden of proof at trial, the town's motion for summary judgment should be granted.

### E. *Qualified Immunity of Officers Carriere and Thibodeaux*

Officers Carriere and Thibodeaux seek dismissal of claims against them in their individual capacity based on qualified immunity. "A qualified immunity defense serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Atteberry v. Nocona General Hospital,* 430 F.3d 245, 253 (5th Cir. 2005) (citation omitted). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). The bifurcated test for qualified immunity is: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident. *See Hare v. City of*

*Corinth*, 135 F.3d 320, 325 (5th Cir. 1998).[2] The first step is to determine whether the plaintiff has alleged a violation of a clearly established constitutional right. This analysis is made under the currently applicable constitutional standards. *See Hare*, 135 F.3d at 325. A constitutional right is clearly established if, in light of pre-existing law, the unlawfulness is apparent. Officials must observe general, well-developed legal principles. *See Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 445 (5th Cir.), cert. den., 513 U.S. 815 (1994). The second prong, objective reasonableness, is a question of law. The qualified immunity doctrine does not protect an official whose subjective intent was to harm the plaintiff, regardless of the objective state of the law at the time of his conduct. *See Douthit v. Jones*, 619 F.2d 527, 533 (5th Cir. 1980). A party seeking to avoid a qualified immunity defense must prove that the official either actually intended to do harm to him, or took an action which, although not intended to do harm, was so likely to produce injury that the harm can be characterized as substantially certain to result. *Id.*

The right to be free from arrest without probable cause is a clearly established constitutional right. *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994). Probable cause to arrest exists if the facts the officer knows and had reasonably trustworthy information about are sufficient to warrant a man of reasonable caution to believe the arrestee committed the offense. *United States v. Preston*, 608 F.2d 626, 632 (5th Cir. 1979). No precise formula may be applied to determine probable cause; rather, probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient to cause a reasonable person to conclude that the suspect committed the offense. *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996). The court must examine the totality of the circumstances to determine whether probable cause existed. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000).

---

[2] See also *Tolan v. Cotton*, 134 S. Ct. 1861, 1865-66 (2014).

9

Drew asserts that Officers Carriere and Thibodeaux violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution. However, neither Drew's complaint nor his response to the Motion for Summary Judgment provide factual support for either allegation. In fact, Drew's only claim in this regard is that the Warrant was invalid because it was not signed by the Magistrate. Drew does not otherwise attack the Affidavit or the facts relied upon by the Magistrate in making his probable cause finding. Drew's contention that the Warrant was unsigned is simply not supported by the record in this case. The certified copy of the Warrant, attached to the defendants' Motion for Summary Judgment as Exhibit A-3, unquestionably contains Magistrate Andrus' signature. An affidavit executed by the Records Custodian for the Town of Church Point (attached to the defendants' Motion for Summary Judgment as Exhibit A) attests that the Warrant is a true and correct copy. The uncertified, unsigned copy of the Warrant provided by Drew (attached to his complaint and filed as doc. 1, att. 2, p. 1) does not negate the clear finding of probable cause by Magistrate Andrus as shown in the Affidavit (defendants' Exhibit A-2), the contents of which Drew does not contest. As such, he cannot show a lack of probable cause. In regard to probable cause, "[a] police officer seeking the issuance of a warrant must present an affidavit containing facts sufficient to provide the magistrate with a substantial basis for determining the existence of probable cause." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006) (internal quotation and citation omitted). In the present case, Officer Carriere presented an affidavit seeking a warrant for the arrest of Drew to the magistrate and based on a review of the affidavit, Magistrate Andrus issued a warrant for Drew's arrest. "Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas v. Sams,* 734 F.2d 185, 190–91 (5th Cir. 1984).

Further, contrary to Drew's assertion otherwise, there is not a dispute regarding the compliance deadline set in regard to the sentence that he received on or about March 22, 2016. He was clearly ordered to remedy the violation within thirty days of the date of the order. His arrest on March 30, 2016, was based on a different complaint received by TCP officers. When the officers arrived at Drew's residence, it was noted that instead of two dogs penned up (for which the initial citation was issued), he had five dogs penned up. That Drew was given a grace period in which to remedy his first violation did not give him license to again violate the law by increasing the number of penned up dogs.

Considering the facts in the light most favorable to the plaintiff, the Court finds that Drew has not provided competent summary judgment evidence or advanced any argument to create a genuine issue of material fact that the defendants lacked probable cause to arrest him or that the Warrant was invalid. Defendants are entitled to qualified immunity and summary judgment on this issue as a matter of law.

### F. Fifth Amendment Claims

Drew's claims under the Fifth Amendment fail because "the Fifth Amendment applies only to actions of the federal government," and not to the actions of state police officers as in the present case. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (citation omitted).

### G. Plaintiff's State Law Claims

Drew maintains that Officers Carriere and Thibodeaux are liable to him under Louisiana law for malicious prosecution, wrongful arrest, and defamation. "Probable cause to arrest is an absolute defense to any claim against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Cain v. City of New Orleans*, Civ. Action No. 15-4479, 2016 WL 2849498 (E.D. La. May 13, 2016) (quoting *Brown v. City of Monroe*, 135 So. 3d 792, 796 (La. App. 2 Cir. February 26, 2014). Thus, Drew's state law claims in this regard should be dismissed.

Further, Drew contends that he was defamed by Officers Carriere and Thibodeaux. This contention seems to arise from Drew's statement that "either DALE THIBODEAUX or RONALD CARRIERE contacted Plaintiff's supervisor with the Crowley Police Department and disclosed that they had "an arrest warrant to serve on Bronston Drew." Doc. 1, p. 4. Louisiana law identifies five elements to establish a claim for defamation: "(1) defamatory statement concerning another; (2) falsity of the statement; (3) an unprivileged publication to a third party; (4) fault (negligence or greater) on the part of the publisher; and (5) resulting injury." *Lewis v. Locicero*, Civ. Action No 15-00129, 2017 WL 3928117, at *6 (M.D. La. Sept. 7, 2017) (citing *Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004). This statement, if made, is not a false statement because there was an arrest warrant to serve on Drew. Drew has not raised a genuine issue of material fact as to the alleged defamation in order to survive the present Motion for Summary Judgment. Accordingly, his state law defamation claims should be dismissed.

### H. *Whether Summary Judgment is Premature*

Drew argues that summary judgment is premature because discovery in this matter has not commenced. Drew seeks to invoke the protections of Rule 56(d), which allows the Court to deny a motion for summary judgment or defer ruling until more discovery is completed. Pursuant to Rule 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

A non-movant seeking relief under Rule 56 must show why he needs additional discovery and how that discovery will create a genuine issue of material fact. A party "cannot evade summary judgment simply by arguing that additional discovery is needed," and may not "simply rely on vague

assertions that additional discovery will produce needed, but unspecified, facts." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citations omitted). Applying these rules to the present case, the Court notes that Drew did not comply with the requirement of filing into the record a declaration stating, **for specified reasons**, that he cannot present facts essential to justify his opposition. He has done no more than make "vague assertions that additional discovery will produce needed, but unspecified, facts"—which does not satisfy Rule 56(d).[3] Drew's claim in this regard does not warrant a denial of the motion for summary judgment or a deferred ruling on same.

### III.
### *Conclusion*

For reasons stated,

**IT IS RECOMMENDED** that defendants' motion for summary judgment (Doc. 5) be **GRANTED** and that Drew's action be **DENIED AND DISMISSED IN ITS ENTIRETY WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved**

---

[3] *See McCoy v. Hous. Auth. of New Orleans*, Civil Action No. 15-398, 2016 WL 2992528, at *10–12 (E.D. La. May 24, 2016), aff'd, No. 16-31173, 2017 WL 4708258 (5th Cir. Oct. 18, 2017).

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 26th day of February, 2018.

---
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE